MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Scott T. Jones
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERT CASTRO, JR.,<br><br>Defendant. | No. 16-CR-00063-SMJ-2<br><br>Notice of Mandatory Detention After Guilty Plea |

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, and Scott T. Jones, Assistant United States Attorney for the Eastern District of Washington, hereby provides Defendant, ALBERT CASTRO, JR., and Defendant's counsel, Christopher Black, notice that the United States will be requesting, as is statutorily-required, detention after Defendant enters his plea of guilty on March 3, 2017 to Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), (b)(1), (c).

**I.    INTRODUCTION**

Defendant, ALBERT CASTRO, JR., has indicated he intends to enter a plea of guilty to the charge of Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), (b)(1), (c), at a hearing scheduled before this Court on March

Notice of Mandatory Detention After Guilty Plea - 1

3, 2017. Defendant is not in custody. The United States hereby notifies the Court and Defendant that, following Defendant's entry of a guilty plea, the United States will seek detention of Defendant pending sentencing, pursuant to 18 U.S.C. § 3143(a).

## II. DISCUSSION

A. <u>Title 18 U.S.C. § 3143(a)(2) Applies and Mandates Detention</u>

Due to the nature of his conviction, the Defendant is subject to mandatory detention pending sentencing pursuant to 18 U.S.C. § 3143(a)(2). Title 18 U.S.C. 3143 (a) governs the release or detention of a defendant pending sentencing and Section 3143(a)(2) mandates, with narrow exceptions, detention of a defendant convicted of a violation of 18 U.S.C. § 1591. The law provides in relevant part:

> (2) **The judicial officer shall order** that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 [which specifically includes 18 U.S.C. § 1591] and is awaiting imposition or execution of sentence **be detained unless** –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added).

Following his guilty plea, Defendant will have been found guilty of a violation of 18 U.S.C. § 1591. He will therefore be subject to mandatory detention under 18 U.S.C. § 3143(a)(2).

Notice of Mandatory Detention After Guilty Plea  - 2

By its plain language, 18 U.S.C. § 3143(a) pertains to defendants who have "been found guilty of an offense" and are "awaiting imposition or execution of sentence." The fact that Defendant in the case at bar intends to plead guilty, as opposed to having been found guilty by a jury following trial, does not alter the fact that, under the law, upon Defendant's guilty plea Defendant will have been "found guilty of an offense." *See United States v. Cazares*, 121 F.3d 1241, 1247 (9th Cir. 1997) ("The effect [of a guilty plea] is the same as if [defendant] had been tried before a jury and had been found guilty on evidence covering all of the material facts.") (quoting *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1971)). Accordingly, following Defendant's guilty plea in the instant case, section 3143(a) will govern Defendant's release or detention. *See United States v. Devinna*, 5 F. Supp. 2d 872, 872 (E.D. Cal. 1998) (Having pleaded guilty to a "crime of violence," defendant is subject to a provision mandating detention pending sentencing. *See* 18 U.S.C. § 3143(a)(2)."); *United States v. Bryant,* 895 F. Supp. 218, 220 (N.D. Ind. 1995) ("the guilty pleas must be considered equivalent to a finding of guilty for purposes of Section 3143(a)").

Defendant intends to plead guilty, so there is not a substantial likelihood that a motion for acquittal or new trial will be granted. In addition, a government attorney has not recommended and will not recommend that no sentence of imprisonment be imposed in this case.

Thus, even if this Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community, since this is not a case where there is a substantial likelihood that a motion for acquittal or new trial will be granted or that the Government will not be recommend a sentence of imprisonment, on its face, § 3143(a)(2) appears to foreclose the opportunity for Defendant here to be released on bond pending sentencing.

Notice of Mandatory Detention After Guilty Plea - 3

There is an exception to avoiding mandatory detention, under 18 U.S.C. § 3145(c), if Defendant can make a showing of exceptional circumstances.

B. <u>Defendant Does Not Fall Within the Exception of § 3145(c)</u>

Title 18 U.S.C. § 3145(c) provides for an exception from mandatory detention under 18 U.S.C. § 3143(a)(2) where there are exceptional reasons why detention would not be appropriate:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions or release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are **exceptional reasons** why such person's detention would not be appropriate.

18 U.S.C. § 3145(c)(emphasis added). The term "exceptional reasons" is not defined within § 3145. Courts have generally read the phrase "exceptional reasons" to mean circumstances that are "clearly out of the ordinary, uncommon, or rare." *See United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993).

The Ninth Circuit has found that "the district court has authority to determine whether there are exceptional reasons," and has broad discretion in making the determination. *United States v. Garcia*, 340 F.3d 1013, 1014 n.1, 1018 (9th Cir. 2003). In *Garcia*, the Ninth Circuit addressed the meaning of "exceptional reasons" but "place[d] no limit on the range of matters the district court may consider." *Id.* at 1018-19. The Court of Appeals emphasized, however, that the circumstances warranting release must indeed be exceptional:

> Hardships that commonly result from imprisonment do not meet the standard. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in truly unusual circumstances will a defendant whose offense is subject

Notice of Mandatory Detention After Guilty Plea - 4

to the statutory provision be allowed to remain on bail pending appeal.

*Id.* at 1022.

The Government respectfully submits that in this case there are no "exceptional reasons" under § 3145(c). Accordingly, even if Defendant is able to establish by clear and convincing evidence that he is not a flight risk or a danger to any other person or to the community, detention is mandatory.

### III. CONCLUSION

For the foregoing reasons, the United States is bound under 18 U.S.C. § 3143(a)(2) to seek Defendant's detention following his plea of guilty, and respectfully submits that Defendant's circumstances do not qualify as exceptional so as to warrant his release under 18 U.S.C. § 3145(c).

DATED March 1, 2017.

Michael C. Ormsby
United States Attorney

*s/Scott T. Jones*
Scott T. Jones
Assistant United States Attorney

Notice of Mandatory Detention After Guilty Plea - 5

## **CERTIFICATE OF SERVICE**

I hereby certify that on, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

Defendant, via counsel.

*s/Scott T. Jones*
Scott T. Jones
Assistant United States Attorney